IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-44-H

| | |
|---|---|
| DIANNE MICHELE CARTER EL-BEY, | )<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) **ORDER and**<br>) **MEMORANDUM &**<br>) **RECOMMENDATION**<br>) |
| THE NORTH CAROLINA STATE BAR, DAVID R. JOHNSON, in his private capacity, and Paul G Gessner, in his private capacity, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This pro se case is before the court on the application [DE #1] by Plaintiff Dianne Michele Carter El-Bey to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Malcolm J. Howard, Senior United States District Judge. For the reasons set forth below, Plaintiff's application to proceed in forma pauperis is allowed, and it is recommended that Plaintiff's notice of removal against Defendants be dismissed.

## IFP MOTION

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks

omitted). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Thus, Plaintiff's application to proceed *in forma pauperis* is allowed.

## BACKGROUND

Plaintiff filed a notice of removal on January 5, 2015, which was amended on January 23, 2015, indicating that she wishes to remove civil proceedings brought against her by Defendant Johnson on behalf of the North Carolina State Bar in Wake County Superior Court, North Carolina. (Notice of Removal at 1 [DE #1-1]; Exhibit 1 at 1 [DE 1-2].) Plaintiff brings additional claims against the North Carolina State Bar and David R. Johnson, as well as two additional defendants. Johnson represents the North Carolina State Bar in a suit against Plaintiff for the unauthorized practice of law. Plaintiff has attached the motion for civil contempt filed by Johnson in the state-court proceeding, as well as an affidavit supporting the motion.

In her notice of removal, Plaintiff asserts that the North Carolina State Bar and Johnson have violated Title II of the Americans with Disabilities Act ("ADA") and Plaintiff's due process rights. Plaintiff also contends that Johnson, North Carolina Superior Court Judge Paul Gessner and "Hunter,"[1] conspired to deprive her of her civil rights in violation of 18 U.S.C. §§ 241 and 242, that they committed fraud, that they engaged in unfair and deceptive trade practices, and that they

---

[1] Plaintiff never identifies "Hunter" but the undersigned assumes Plaintiff is referring to Michael Hunter, who is mentioned in exhibits filed with the complaint.

blackmailed Plaintiff. In support of her claims, Plaintiff alleges that a preliminary injunction was entered in state-court proceedings but that she never received notice of a permanent injunction as described in the motion for civil contempt filed in the North Carolina Superior Court of Wake County. As a result of the alleged violations, Plaintiff maintains she "has suffered damages, including but not limited to medical bills, physical pain and suffering, mental anguish and emotional distress, psychological injury, humiliation, embarrassment, loss of ability to perform necessary daily tasks, future mental anguish and emotional distress, financial damages, loss of contracts and loss of private property." (Am. Notice of Removal at 7 [DE #1-1].)

Plaintiff requests the following relief: (1) "[c]ompensatory and punitive damages in the maximum amount allowed by law"; (2) "[i]ncarceration of Johnson in the maximum allowed by law"; (3) "[i]ncarceration of Gessner in the maximum allowed by law"; (4) "[a]cknowledgment that Gessner's 'Preliminary Injunction' is void"; (5) "[a]cknowledgment that a 'Preliminary Injunction' is valid for less than 30 days"; and (6) "[s]uch other and further relief as this court deems just and proper." (Am. Notice of Removal at 7.)

## DISCUSSION

Title 28 U.S.C. § 1441(a) provides for removal of a state-court action to federal court where the case originally could have been brought in federal court. The party seeking removal bears the burden of establishing jurisdiction, and any doubts as to the existence of jurisdiction must be resolved in favor of state-court

3

jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Under 28 U.S.C. § 1446(b), notice of removal of a civil action must be filed within thirty days after receipt by the defendant of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1). Section 1446's filing requirements are mandatory. Where a notice of removal is not filed within the time prescribed, there is no federal jurisdiction. *Wilkins v. Correctional Med. Sys.*, 931 F.2d 888, 1991 WL 68791, at *2 n.2 (4th Cir. 1991).

According to Plaintiff's filings, the action Plaintiff seeks to remove was filed in 2009, and an order enjoining Plaintiff from the unauthorized practice of law was served on her on June 29, 2011. As Plaintiff's notice of removal was not filed until January 5, 2015, this court is without jurisdiction over the state-court action. Accordingly, Plaintiff's notice of removal should be stricken and the case remanded to the Superior Court of Wake County, North Carolina.

To the extent Plaintiff purports to assert any claims independent of the Wake County action, whether pursuant to the ADA, 18 U.S.C. §§ 241, 242, or otherwise, Plaintiff has failed to plausibly allege a basis of federal jurisdiction or a cognizable claim against Defendants. Although Plaintiff cites the ADA, she has stated no facts to show that she is disabled or that a violation of the ADA has occurred. Plaintiff merely makes the conclusory statement that Defendants violated the ADA. Moreover, 18 U.S.C. §§ 241 and 242 are "criminal statutes and do not provide a civil remedy. *Yagoda v. Davis*, No. 7:11-CV-122-BO, 2011 WL 3911111, at 1* (E.D.N.C.

4

Sept. 5, 2011); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. § 241-242 (the criminal analogue of 42 U.S.C. § 1983) . . . ."). Plaintiff's claims lack an arguable basis in either law or in fact and should, therefore, be dismissed as frivolous or for failure to state a claim.

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that Plaintiff's notice of removal be STRICKEN, that the state-court proceedings be remanded to the Superior Court of Wake County and that Plaintiff's remaining claims be DISMISSED as frivolous or for failure to state a claim upon which relief can be granted.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **September 3, 2015**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3);

Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 11th day of August 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge